UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LISA I. GREEN,

    Plaintiff

    vs.

STATE FARM INSURANCE CO.,

    Defendant

CIVIL ACTION NO. 1:CV-09-1668

(Judge Conner)

# M E M O R A N D U M

Plaintiff, Lisa I. Green, filed this action in the Court of Common Pleas of York County, Pennsylvania. Invoking our diversity jurisdiction, Defendant, State Farm Mutual Automobile Insurance Company, removed it here. The complaint arises from Defendant's alleged failure to pay first-party medical benefits under its automobile insurance policy with Plaintiff. Plaintiff alleges four causes of action: (1) a claim in count I for breach of contract; (2) a claim in count II under 42 Pa. Cons. Stat. Ann. § 8371 for bad faith handling of Plaintiff's claim for benefits; (3) a claim in count III for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-9.2; and (4) a claim in count IV under the common law for fraud and deceit.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant has filed a motion to dismiss counts II, III, and IV. State Farm has also moved that the court strike a demand for attorney's fees made in count I under the Pennsylvania Motor Vehicle Responsibility Law (MVFRL), 75 Pa. Cons. Stat. Ann. §§ 1716 and 1798(b).[1]

After the motion was briefed, the parties filed a "Stipulation/Agreement," agreeing to withdraw, strike and dismiss with prejudice "any and all allegations of Section 8371 Bad Faith, contractual allegations of bad faith, all allegations of breach of a duty of good faith and fair dealing, and fraud against State Farm . . ., including Counts II, III, and IV of Plaintiff's Complaint, specifically Paragraphs 31-41 . . . ." This stipulation was approved by the court. (Doc. 12.)

In deciding a motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). Based on the stipulation, there are no longer any allegations supporting counts II, III, and IV. Hence those counts will be dismissed. That leaves only the dispute over Plaintiff's demand in count I for attorney's fees.

---

[1] See Compl. ¶¶ 25 and 26.

In its motion to dismiss, Defendant argues Plaintiff cannot recover attorney's fees because State Farm challenged the reasonableness and necessity of her medical treatment in proceedings authorized by the MVFRL, a challenge to the treatment before a peer review organization (PRO). Defendant maintains that when an insurer follows the statutory procedure, the insured cannot recover attorney's fees, since they are unavailable under the governing statutory language. In opposing Defendant's motion, Plaintiff did not brief why she is entitled to attorney's fees under 75 Pa. Con. Stat. Ann. §§ 1716 and 1798(b).[2] After review of Defendant's argument, and in light of Plaintiff's failure to oppose dismissal of her demand for attorney's fees, the court will dismiss the demand.

75 Pa. Cons. Stat. Ann. § 1797(b) provides a procedure an insurance company can follow to contest whether medical services conform to professional standards and are medically necessary. It can submit its challenge to a PRO. *Id.* § 1797(b)(1). If the PRO determines that the "medical treatment" was "medically necessary, the insurer must pay . . . the outstanding amount plus interest at 12%

---

[2] In pertinent part, section 1716 provides that a plaintiff may recover from the insurer "a reasonable attorney fee based upon actual time expended" if "the insurer is found to have acted in an unreasonable manner." Section 1798 provides that if "an insurer acted with no reasonable foundation in refusing to pay the benefits," the insurer must pay "a reasonable attorney fee based upon actual time expended."

3

per year on any amount withheld . . . ," *id.* § 1797(b)(5), with no provision for payment of attorney's fees. The insurer need not use the PRO process; it can simply refuse to pay for the services. However, if taken to court over its refusal, as allowed by subsection 1797(b)(4), and it loses, the insurer must pay, in addition to the outstanding amount plus 12% interest, "the costs of the challenge and all attorney fees." *Id.* § 1797(b)6).

It appears from the Complaint that State Farm did invoke the PRO process. (Compl. ¶¶ 12-21). Because attorney's fees are not recoverable under subsection 1797(b)(5) when an insurer uses the PRO process, Plaintiff cannot recover them here, nor invoke section 1716 or section 1798 to recover them. *See Danton v. State Farm Mut. Auto. Ins. Co.*, 769 F. Supp. 174, 177 (E.D. Pa. 1991) (attorney's fee provision in section 1797(b) is applicable over sections 1716 and 1798); *see also Wright v. Ohio Cas. Group Ins. Co.*, No. 09-0076, 2009 WL 1120354, at *4 (M.D. Pa. April 27, 2009)(when "Plaintiff's claim for first party benefits falls within the scope of § 1797, he is limited to the remedial scheme outlined therein," so Plaintiff's request for certain injunctive relief not authorized by section 1797 was dismissed).

4

An appropriate order will issue.

                                               S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge

Dated:        January 20, 2010

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

LISA I. GREEN,
    Plaintiff

    vs.

STATE FARM INSURANCE CO.,
    Defendant

CIVIL ACTION NO. 1:CV-09-1668

(Judge Conner)

## O R D E R

AND NOW, this 20th day of January, 2010, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion (doc. 4) to dismiss is granted.

2. Counts II, III, and IV of the complaint, and the demand for attorney's fees in count I under 75 Pa. Cons. Stat. Ann. §§ 1716 and 1798, are hereby dismissed.

                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge